1
2
3
4
5
6                           **UNITED STATES DISTRICT COURT**

7                                 **DISTRICT OF NEVADA**

8    UNITED STATES OF AMERICA,              )
9                   Plaintiff,              )
                                            )
10         v.                               )          2:95-CR-58-RCJ-1
                                            )
11   JAMES ROBINSON,                        )          **ORDER**
                                            )
12                  Defendant.              )
                                            )
13   _____ )

14
15         Currently before the Court are six motions: a motion to vacate under 28 U.S.C. § 2255
16   (Doc. (#490)), three motions to appoint counsel (Docs. (##491, 492, 495)), an unsigned letter
17   requesting documents (Doc. (#493)), and an unsigned request for an evidentiary hearing (Doc.
     (#496)).  For the reasons discussed herein, the motions are denied.
18
                                        **BACKGROUND**
19
20         In August, 1995, a jury convicted Petitioner James Robinson for the felonies of (1)
21   unlawful use of a communications facility and (2) attempting to possess cocaine with the intent
22   to distribute.  (*See* Doc. (#458) at 2).  He was sentenced to 262 months in federal prison.
23   (*See id.*)  The Ninth Circuit Court of Appeals upheld his convictions on direct appeal in
     October, 1997.  (*See id.*)
24
           At some point before 2002,[1] Petitioner filed a motion for relief under 28 U.S.C. § 2255.
25
26   (*See* Doc. (#374) at 3).  Petitioner supplemented this motion, but the Ninth Circuit ultimately
27

28   _____
           [1] The record is unclear on when Petitioner filed his first § 2255 motion.  Petitioner filed
     it after his direct appeal in October, 1997, but before his successive motions, which were
     decided in 2002 (Doc. (#345)).

1   denied it.  (*See id.*)  Both this Court and the Ninth Circuit declined to issue a Certificate of

2   Appealability.  (Docs. (##184, 207); *see* Doc. (#374) at 3).

3       Since being denied a Certificate of Appealability, Petitioner has continuously filed more

4   letters and motions that fall under the jurisdiction of § 2255.  (*See* Doc. (# 374) at 3).  The

5   Ninth Circuit reviewed and denied on the merits at least five applications for authorization to

6   file successive § 2255 motions.  (*See* Docs. ## 380, 383, 426, 436, 446, 487 (voluntarily

7   dismissed by Petitioner)).

8       Before 2002, Petitioner filed at least five successive motions to vacate.  (*See* Doc.

9   (#374) at 3).  In 2008, Petitioner also filed multiple motions for an appointment of counsel

10  (Docs. (# 408, 409, 410, 412)), and motions for an evidentiary hearing (Docs. (##408, 409,

11  412)).  The Court denied these motions.  (Docs. (## 374, 418)).

12      On August 25, 2008, the Court granted Petitioner's motion to reduce his sentence from

13  262 months to 210 months due to a new sentencing law passed after Petitioner was convicted.

14  (Doc. (#406)).  On August 6, 2010, he was released from prison, but subject to six years of

15  supervised release.  (*See* Doc. (#484) at 2).  However, on February 12, 2011, Petitioner was

16  arrested for violating the terms of his supervised release.  (*See* Doc. (#465)).  The Court

17  revoked his supervised release, and sentenced Petitioner to ten months in prison without

18  additional supervised release.  (Doc. (#481) at 2-3).  Petitioner was released from prison on

19  December 14, 2011.[2]

20                          **LEGAL STANDARD**

21      A district judge may not entertain an application for a writ of habeas corpus to evaluate

22  the detention of a federal prisoner except by 28 U.S.C. § 2255.  28 U.S.C. § 2244(a).  Section

23  2255 only applies to prisoners "in custody under sentence of a court established by Act of

24  Congress."  28 U.S.C. § 2255(a).  A person is in custody of the United States if his or her

25  movements "are restrained by authority of the United States . . . ."  *Jones v. Cunningham*, 371

26  _____

27      [2]  Inmate  Locator,  Federal  Bureau  of  Prisons,
    http://www.bop.gov/iloc2/InmateFinderServlet
28  ?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=30289-
    048&x=78&y=16.

U.S. 236, 240 (1963) (internal quotations omitted).  If the petitioner is released from custody of the respondent, the petition becomes moot.  *See id.* at 241.

## DISCUSSION

Petitioner asks the Court to vacate his sentence on four grounds: (1) the government violated his constitutional rights by withholding evidence, (2) *Brady*[3] violation by the United States Attorney's office, (3) the lead investigator fabricated evidence that led to Petitioner's arrest, and (4) prosecutorial misconduct by allowing "perjury testimony." (Doc. (#490) at 6-9) (emphasis in original).

Petitioner is no longer in the custody of the United States, nor is he under supervised release or otherwise restrained by the United States.  Therefore, his § 2255 motion to vacate (#490) is denied as moot.  The Court also denies as moot Petitioner's motion for an evidentiary hearing (#496), motions for appointment of counsel (## 491, 492, 495) and motion for copies of documents (#493).

///
///
///
///
///
///
///
///
///
///
///
///
///

---

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

3

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Petitioner's Motion to Vacate (#490) is DENIED as moot.

IT IS FURTHER ORDERED that the Motions for Appointment of Counsel (## 491, 492, 495) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Copies of Documents (#493) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for an Evidentiary Hearing (#496) is DENIED as moot.


DATED: This 3rd day of August, 2012.

_____
United States District Judge

4